SCHOTT, J.,
dissenting.
Plaintiff was walking slowly down an adequately lighted four-foot wide hall when he tripped on the carpet which had lifted up at a seam to a height of five to six inches. (Tr. 151). This obstacle was 1¾⅛ feet from the baseboard he was spraying. Asked why he didn’t see the obstacle he said he was looking at the baseboard at the time.
In Rozell v. Louisiana Animal Breeders Coop., Inc. the Supreme Court held that for victim fault to be a legal defense it mut be at least a substantial cause, not the sole cause. This lifted up piece of carpet was even higher than the baseboard plaintiff was spraying. The hall was adequately lighted. Tripping over such a large and obvious defect under these circumstances was the fault of the plaintiff and this fault was certainly a substantial cause of his injury along with the presence of the defect.
The record does not support the majority’s statement that “plaintiff’s failure to notice the loose piece of carpeting” merely contributed to his fall. Plaintiff was looking at the baseboard to his right. The lifted piece of carpet was so close to the baseboard and so high that it was obvious and yet plaintiff blindly tripped over it.
Neither strict liability nor the Rozell case should be interpreted to me an that a plaintiff should be allowed to collect from others for damages he brings upon himself.
CIACCIO, J., concurs in the dissent.